# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                               No. CR 15-4525 RB

ISRAEL LUNA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Luna's Motion Requesting Return of Seized Property, filed on October 7, 2019. (Doc. 37.) Mr. Luna contends that the Government is in possession of his property ($5,726) that it seized pursuant to a warrant on September 24, 2015. (*See id.*; *see also* Doc. 30 (PSR) ¶ 9.) He asks the Court to order the Government to return the money to him. (Doc. 37.)

Mr. Luna pleaded guilty to an Information charging him with possession with intent to distribute methamphetamine and using and carrying a firearm during and in relation to a drug trafficking crime. (*See* Docs. 25; 29.) His plea agreement did not mention the $5,726 seized pursuant to the warrant. (*See* Doc. 28.) The Court sentenced Mr. Luna to 84 months imprisonment on August 17, 2016. (Docs. 33; 34.)

The Government provided evidence to show "that on or about December 13, 2016, an FBI special agent contacted the [Bureau of Prisons (BOP)] to arrange the return of [Mr. Luna's] money to him and subsequently prepared a letter and cashier's check and forwarded them to the defendant in a FedEx envelope." (Doc. 39 at 2 (citing Docs. 39-1; 39-2).) It asserts that the agent does not recall the envelope being returned. (*See id.*)

Mr. Luna presumably brings this motion pursuant to Federal Rule of Criminal Procedure 41(g), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Tenth Circuit has stated that the decision "[w]hether to grant jurisdiction over a Rule 41[(g)] motion is governed by equitable principles." *Frazee v. I.R.S.*, 947 F.2d 448, 449 (10th Cir. 1991) (citing *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988)). "Rule 41[(g)] jurisdiction should be exercised with caution and restraint. A Rule 41[(g)] motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury." *Id.* (quoting *Floyd*, 860 F.2d at 1003).

Here, the Government contends that Mr. Luna's claim is moot, because the records show the money was mailed to Mr. Luna in 2016. (Docs. 39 at 2; 39-1; 39-2.) The Court notes, however, that the letter provides: "It is required that you fill in the date upon which you received the check at the top of this form, and sign the 'Received By' portion at the bottom. Use the pre-stamped envelope to return the top sheet of the Receipt for Property Received form." (Doc. 39-2.) The Government has *not* asserted that the FBI agent received that receipt from Mr. Luna. (*See* Doc. 39.) It does argue, however, that Mr. Luna "has other remedies, such as making an inquiry to the BOP about where his property went if it was not delivered to him after the BOP received it." (*Id.* at 2.) Mr. Luna did not reply.

The Court agrees that Mr. Luna must pursue other remedies first and declines to exercise its jurisdiction when there is no evidence Mr. Luna has exhausted his remedies with the BOP.

**THEREFORE,**

**IT IS ORDERED** that the Motion Requesting Return of Seized Property (Doc. 37) is **DISMISSED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE